The opinion of the Court was delivered by
Munro, J.
A sufficient answer will be found to the objections contained in the defendant’s first four grounds in arrest *171 of.judgment, in the ruling of the Court in the case of the State vs. Motly & Blackledge, 7 Rich. 327, and in reference to the fifth ground, it was by n.o means necessary there should have been a separate count in the indictment, charging the prisoner alone with the crime.
The question raised by the first ground for a new trial js whether there was error in refusing to permit the wife of Adkins — the party jointly indicted with the prisoner, but who had not been apprehended — to testify, that her husband was alone guilty of the murder.
The rule on this subject, is thus stated by Roscoe, in his work on Criminal Evidence, at page 147. — “ Husband and wife are in general' incompetent witnesses, either for or against each other, on the grounds, partly of policy, and partly of identity of interest.” In the case of the King vs. The Inhabitants of Cliviger, 2 T. R. 263, it was ruled — “ The husband and wife are not permitted, from a principle of policy, to give any evidence that may tend to criminate each other; that the obligation is not confined merely to cases where they are directly accused of a crime; but even in collateral cases, where their evidence tends that way; for although the evidence of one could not be used against the other, yet it might lead to a criminal charge, and cause the party to be apprehended.” In the Commonwealth vs. Eastland, 1 Mass. R., it was held, that it is a sufficient ground for a separate trial, that the wife of one is a material witness for the others ; and in the case of the State vs. Smith, 2 Iredell, 402, it is said — “ Whenever the wife of one, is not permitted to testify for the others on a joint trial, she will not be received for them although her husband be not then on trial.”
In the case of the State vs. Anthony, 1 McC. 285, it was held, .that, upon the separate trial of the father, who was jointly indicted with his son for murder, the wife of the latter was a competent witness; and it was upon the authority of that case that the wife of Adkins was permitted to testify in *172 behalf of the prisoner in this case, holding her incompetency to extend no further than to the exclusion of any thing that might tend to criminate her husband.
The remaining grounds of appeal relate entirely to matters that were within the exclusive province of the jury, and we can perceive nothing in the remarks of the Circuit Judge upon the trial, that was calculated to misdirect them in its exercise.
The motion is therefore dismissed.
O’Neall, Wardlaw, Withers, Whitner, and Glover, JJ., concurred.

Motion dismissed.